# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **ALDEMIRA SANDOVAL,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. _____** |
| **STATE FARM LLOYDS AND** | § | |
| **JAY OSPINA,** | § | |
| **Defendants.** | § | |
| | § | |

---

**INDEX OF MATTERS BEING FILED
AND LIST OF ALL COUNSEL OF RECORD**

---

Defendants State Farm Lloyds and Jay Ospina ("Defendants") submit this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas.  Pursuant to the Local Rule 81, the following items are being filed with the *Notice of Removal* filed by Defendants:

1.  *Index of Matters Being Filed and List of All Counsel of Record*;

2.  Copies of all pleadings, service of process and answers:

    A.  Plaintiff's Original Petition;

    B.  Citation Return of Service;

    C.  Defendants' Original Answer to Plaintiff's Original Petition;

    D.  State Court Docket Sheet

3.  The parties' respective attorneys are as follows:

---

A.      ATTORNEYS FOR PLAINTIFFS:

J. Steve Mostyn
René M. Sigman
**MOSTYN LAW FIRM**
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 – Phone
(713) 714-1111 – Fax

B.      ATTORNEYS FOR DEFENDANTS:

Sofia A. Ramon
Dan K. Worthington
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan Ave. (Zip: 78501)
P.O. Box 3725
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax

Dated:   May 16, 2016.

# EXHIBIT 2A

Filed
3/30/2016 4:53:27 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2016CVF000807D2

CAUSE NO._____

| | | |
|---|---|---|
| ALDEMIRA SANDOVAL, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND JAY | § | |
| OSPINA, | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Aldemira Sandoval ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of State Farm Lloyds ("State Farm") and Jay Ospina ("Ospina") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.  Plaintiff Aldemira Sandoval is an individual residing in Webb County, Texas.

3.  Defendant State Farm is an insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process

server, by serving its Attorney for Service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.    Defendant Jay Ospina is an individual residing in and domiciled in the State of Florida. This defendant may be served with personal process by a process server at his place of residence at 906 Paseo Andorra, West Palm Beach, Florida 33405.

<div align="center"><b>JURISDICTION</b></div>

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is currently seeking monetary relief over $100,000 but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but no more than $1,000,000.  Plaintiff reserves the right to amend Plaintiff's petition during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant State Farm because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7.     The Court has jurisdiction over Defendant Ospina because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.     Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.     Plaintiff is the owner of a Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

10.    Plaintiff owns the insured property, which is specifically located at 3419 San Eduardo Ave., Laredo, Texas 78041, in Webb County (hereinafter referred to as "the Property").

11.    State Farm sold the Policy insuring the Property to Plaintiff.

12.    On or about May 9, 2014, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's property ("the Storm"). Specifically, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire property and garage including, but not limited to, the property's ceilings, walls, insulation, and flooring. Plaintiff's property also sustained substantial structural and exterior damage during the storm. After the storm, Plaintiff filed a claim with her insurance company, State Farm, for the damages to her property caused by the Storm.

13.    Plaintiff submitted a claim to State Farm against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

14.  Plaintiff asked that State Farm cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and repair of the gutters, siding and interior water damages to the Property, pursuant to the Policy.

15.  Defendant State Farm assigned Defendant Ospina as the individual adjuster on the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a thorough investigation of Plaintiff's claim. Ospina conducted a substandard inspection of Plaintiff's property. For example, Ospina spent a mere forty (40) minutes inspecting Plaintiff's property for damages. The inadequacy of Ospina's inspection is further evidenced by his report, which failed to include all of Plaintiff's damages noted upon inspection. For example, Ospina omitted some of the interior damages from his report. Moreover, Ospina both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate. Furthermore, Ospina's estimate underpriced the cost of materials required for necessary repairs. Ultimately, Ospina's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Ospina's inadequate investigation of the claim was relied upon by the other parties in this action and resulted in Plaintiff's claim being undervalued and underpaid.

16.  Together, State Farm and Ospina set about to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to repair her property, the claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in her ability to fully repair her property, which has resulted

in additional damages. To this date, Plaintiff has yet to receive full payment under the insurance policy.

17.    As detailed in the paragraphs below, State Farm wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, State Farm underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

18.    To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her property.

19.    Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiff.

20.    Defendants State Farm and Ospina misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants State Farm's and Ospina's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

21.    Defendants State Farm and Ospina failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.

Defendants State Farm's and Ospina's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22.   Defendants State Farm and Ospina failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants State Farm and Ospina failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants State Farm and Ospina did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants State Farm's and Ospina's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23.   Defendants State Farm and Ospina failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Ospina. Defendants State Farm's and Ospina's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

24.   Defendants State Farm and Ospina refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants State Farm and Ospina failed to conduct a reasonable investigation. Specifically, Defendants State Farm and Ospina performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants State Farm's and

Ospina's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25.    Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26.    Defendant State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27.    Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28.    From and after the time Plaintiff's claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29.   Defendants State Farm and Ospina knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

30.   As a result of Defendants State Farm's and Ospina's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

31.   Plaintiff's experience is not an isolated case.   The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims.   State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST OSPINA

##### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
##### UNFAIR SETTLEMENT PRACTICES

32.   Defendant State Farm assigned Defendant Ospina to adjust the claim.  Defendant Ospina was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages.   During the investigation, the adjuster failed to properly assess Plaintiff's hail storm and/or windstorm damages.   The adjuster also omitted covered damages from his reports, including many of Plaintiff's interior damages.   In addition, the damages that the adjuster did include in the estimate were severely underestimated.

33.  Defendant Ospina's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code §541.060(a).  All violations under this article are made actionable by Tex. Ins. Code §541.151.

34.  Defendant Ospina is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of State Farm, because he is a "person" as defined by Tex. Ins. Code §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." Tex. Ins. Code §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.  Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.  Defendant Ospina's unfair settlement practice, as described above, of misrepresenting to Plaintiff

material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36.    Defendant Ospina's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37.    Defendant Ospina failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.    Specifically, Defendant Ospina failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  The unfair settlement practice of Defendant Ospina as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38.    Defendant Ospina's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39.     Defendant Ospina did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to State Farm. Defendant Ospina's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

40.     Plaintiff is not making any claims for relief under federal law.

### FRAUD

41.     Defendants State Farm and Ospina are liable to Plaintiff for common law fraud.

42.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants State Farm and Ospina knew were false or made recklessly without any knowledge of their truth as a positive assertion.

43.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

44.     Defendants State Farm and Ospina are liable to Plaintiff for conspiracy to commit fraud. Defendants State Farm and Ospina were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by

unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants State Farm and Ospina committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST STATE FARM ONLY

45.     Defendant State Farm is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

46.     Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiff.

47.     Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48.     Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

49.     Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

50.    Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

51.    Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

52.    Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

53.    Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

54.    Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

55.     Defendant State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

56.     Defendant State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

57.     Defendant State Farm's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

58.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Ospina is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

59.     Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Ospina including the completion of his duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

60.     Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

61.   Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

62.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

63.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

64.   As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants State Farm's and Ospina's mishandling of Plaintiff's claim in violation of the laws set forth above.

65.   For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

66.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

67.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

68.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

69.   For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

70.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

71.   Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURES

72.    *Plaintiff's Request for Disclosure to Defendant State Farm Lloyds* is attached as "Exhibit
A." *Plaintiff's Request for Disclosure to Defendant Jay Ospina* is attached as "Exhibit
A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said
Plaintiff have and recover such sums as would reasonably and justly compensate her in
accordance with the rules of law and procedure, as to actual damages, treble damages under the
Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition,
Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all
costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by
law, and for any other and further relief, either at law or in equity, to which she may show herself
justly entitled.

Respectfully submitted,

MOSTYN LAW

_/s/ René M. Sigman_
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
J. Steve Mostyn
State Bar No. 00798389
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 2B


10:55:13 a.m. 05-04-2016 | 7 | 956 523 5121

WEBB CO DISTRICT CLERK Fax:956-523-5121          May  4 2016 10:55am  P011/013

04.136206

Filed
4/27/2016 4:17:04 PM
Esther Degollado
District Clerk
Webb District
Maryel Garza

"RETURN"

2016CVF000807D2   2016CVF000807D2

## CITATION

THE STATE OF TEXAS

COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.
IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO
ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION
OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   STATE FARM LLOYDS
      BY SERVING ITS ATTORNEY FOR SERVICE,
      CORPORATION SERVICE COMPANY
      211 EAST 7TH STREET, SUITE 620
      AUSTIN,   TX 78701

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY
COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT of Webb County, Texas,
to be held at the said courthouse of said county in the city of Laredo, Webb
County, Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days
after the date of service thereof, a copy of which accompanies this citation,
in the Cause #: 2016CVF000807 D2 , styled:
      ALDEMIRA SANDOVAL, PLAINTIFF
      VS.
      STATE FARM LLOYDS AND JAY OSPINA, DEFENDANTS
Said Plaintiff's Petition was filed on 03/30/2016 in said court by:
      RENE M SIGMAN, ATTORNEY FOR PLAINTIFF
      3810 W. ALABAMA STREET
      HOUSTON,   TX 77027

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued
and given under my hand and seal of said court at office, this 4 day
of April, 2016.

              C  L  E  R  K     O  F     C  O  U  R  T

CALENDAR CALL SET FOR                ESTHER DEGOLLADO
06/29/2016 AT 11:00A.M.              WEBB COUNTY DISTRICT CLERK
                                     P.O. BOX 667
                                     LAREDO, TX 78042

                          BY: _Harlinda Torres_____ DEPUTY
                              HERLINDA TORRES

10:55:13 a.m. 05-04-2016     8     956 523 5121

WEBB CO DISTRICT CLERK Fax:956-523-5121        May  4 2016 10:55am  P012/013

2016CVF000807 D2

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the within
named **STATE FARM LLOYDS**, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation     $ _____.

To certify which, witness my hand officially.


                                        _____
                                        SHERIFF, CONSTABLE

                                        _____ COUNTY, TEXAS

                                        BY _____
                                                              DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB     }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


                                        _____
                                                     NOTARY PUBLIC
                            MY COMMISSION EXPIRES _____

10:55 13 a m 05-04-2016 | 9 | 956 523 5121

WEBB CO DISTRICT CLERK Fax:956-523-5121     May  4 2016 10:56am  P013/013

## CAUSE NUMBER: 2016CVF000807D2

**ALDEMIRA SANDOVAL**
**PLAINTIFF**

**VS.**

**IN THE 111TH JUDICIAL DISTRICT**
**COURT OF WEBB COUNTY, TEXAS**

**STATE FARM LLOYDS AND JAY OSPINA**
**DEFENDANT**

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **D'ANN WATHEN**, personally appeared before me and stated under oath as follows:

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Friday April 08, 2016 AT 02:54 PM - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT A-1, NOTICE OF CALENDAR CALL** came to hand for service upon **STATE FARM LLOYDS BY SERVING ITS ATTORNEY FOR SERVICE, CORPORATION SERVICE COMPANY** .

On **Thursday April 21, 2016** at 12:21 PM - The above named documents were delivered to: **STATE FARM LLOYDS BY SERVING ITS ATTORNEY FOR SERVICE, CORPORATION SERVICE COMPANY @ 211 EAST 7TH STREET, SUITE 620, AUSTIN, TX 78701, U.S.A.** by **Corporate Service**. By delivering to Sue Vertrees, designated agent.

**FURTHER AFFIANT SAYETH NOT.**



**D'ANN WATHEN**
**SCH#6622 EXP 05/31/16**

**SWORN TO AND SUBSCRIBED** before me by D'ANN WATHEN appeared on this _21t_ day of
_Apr._ _____, 2016 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**
2016.04.136206

DAVID SHANE GEBHARDT
Notary Public, State of Texas
Comm. Expires 04-09-2020
Notary ID 128949619

# EXHIBIT 2C

Filed
5/13/2016 9:07:02 AM
Esther Degollado
District Clerk
Webb District
Maryel Garza
2016CVF000807D2

## CAUSE NO. 2016CVF000807 D2

| | | |
|---|---|---|
| **ALDEMIRA SANDOVAL,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **111ᵗʰ DISTRICT COURT** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **AND JAY OSPINA,** | § | |
| **Defendants.** | § | **WEBB COUNTY, TEXAS** |

---

### DEFENDANTS STATE FARM LLOYDS AND JAY OSPINA'S
### ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME **STATE FARM LLOYDS AND JAY OSPINA**, hereinafter referred to as "Defendants" in the above styled and numbered cause, and file their Original Answer to Plaintiff's Original Petition, and in support thereof, respectfully state as follows:

### I.  GENERAL DENIAL

Reserving the right to file other further pleadings, exceptions and/or denials, Defendants generally deny each and every material allegation contained in Plaintiff's Original Petition and demand strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

### II.  AFFIRMATIVE DEFENSES

1.  **Pre-suit Notice.**  Plaintiff attempts to state claims and seek damages for alleged violations of the Texas Insurance Code, but Plaintiff has failed to comply with the statutorily mandated conditions in order to obtain any relief under the statute. Specifically, Chapter 541 of the Texas Insurance Code requires, as a prerequisite to bringing any action for damages, that a complaining

*Defendants' Original Answer*                                                          Page 1

party give written notice to a defending party at least sixty (60) days before filing suit.  Plaintiff's pre-suit notification or demand must meet specific requirements set forth in the statute and provide Defendants sixty (60) days to respond prior to bringing any suit.  See TEX. INS. CODE §541.154(a). Plaintiff failed to provide Defendants with any pre-suit notice before filing suit.

**2.      Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

**3.      Deductible/Offset.** Defendants are entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's $1,000.00 deductible.

**5.      Limit of Liability.** Defendants' liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

**6.      Non-Covered Losses.** Plaintiff's claims are barred, in whole or in part, to the extent certain damages and losses as alleged in Plaintiff's Original Petition, none being admitted, may have been proximately caused in whole or in part by non-covered losses and/or events, including but not limited to normal wear and tear.

**7.      Failure of Policy Conditions/Conditions Precedent.** Defendants hereby assert all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, and all "duties after loss." Specifically, Plaintiff failed to satisfy the conditions of the Policy requiring Plaintiff to timely report the claim and to exhibit damage, which reads as follows:

## SECTION I – CONDITIONS

* * * * *

1. **Property Loss Conditions**
   c.   **Duties in Event of Loss**

   (1) You must see that the following are done in the event of loss to Covered Property. . .

   (b) Give us prompt notice of the loss . . .
   (c) As soon as possible, give us a description of how, when and where the loss occurred.

Plaintiff failed to comply with these conditions precedent because Plaintiff first provided notice of her claim on November 7, 2014, six months after the alleged date loss. This six-month delay in reporting the claim prejudiced State Farm's investigation of the claim. Between the time of the alleged date of loss and notice of loss to State Farm, Plaintiff failed to protect her property from further damage. Plaintiff cannot recover, in whole or in part, on Plaintiff's breach of contract cause of action, and consequently on all of the other causes of action alleged in Plaintiff's Original Petition, because of Plaintiff's failure to satisfy the conditions precedent contained in the policy at issue.

8.   **Legal Action Against Us.** Defendants hereby assert the "Legal Action Against Us" condition of the Policy which requires full compliance with "all of the terms of this insurance" before a legal action may be brought against State Farm.

9.   **Failure to Mitigate.** Defendants assert that Plaintiff may have failed to make reasonable efforts to mitigate their damages.

10.   **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

11.    **Cap on Punitive Damages.** Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiff proves Defendants' liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

12.    **Chapter 38 Attorney's Fees.** Plaintiff cannot recover attorney's fees from Defendants under Chapter 38 of the Texas Civil Practice and Remedies Code. "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for…(8) an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8).  Defendant State Farm Lloyds is an unincorporated association of underwriters; therefore, Chapter 38 does not apply to Defendant State Farm Lloyds. *See Fleming & Assocs., L.L.P. v. Barton,* 425 S.W.3d 560, 576 (Tex. App.—Houston [14th Dist.] 2014, pet denied). Additionally, Plaintiff has not brought contractual claims against Jay Ospina.  Therefore, Chapter 38 is inapplicable to Defendant Ospina as well.

### III.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants **STATE FARM LLOYDS, AND JAY OSPINA** request judgment of the Court that Plaintiff takes nothing by this suit, and that Defendants be awarded costs and such other and further relief to which they may be justly entitled.

Respectfully submitted,

**ATLAS, HALL & RODRIGUEZ, LLP**
P. O. Drawer 3725
818 Pecan (78501)
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax

By:  /s/ Sofia A. Ramon
      Sofia A. Ramon
      State Bar No. 00784811
      sramon@atlashall.com
      Dan K. Worthington
      State Bar No. 00785282
      dkw@atlashall.com
      Elizabeth S. Cantu
      State Bar No. 24013455
      ecantu@atlashall.com

      **Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of May, 2016, a true and correct copy of the foregoing document was sent via electronic filing to the following:

J. Steve Mostyn
René M. Sigman
**MOSTYN LAW FIRM**
3810 W. Alabama Street
Houston, Texas 77027
rmsdocketefile@mostynlaw.com
(713) 714-0000 – Phone
(713) 714-1111 – Fax

**Attorneys for Plaintiff**

      /s/ Sofia A. Ramon
      Sofia A. Ramon

# EXHIBIT 2D



Check out our new affordable subscription plans at
# iDocket.com

View Case Track™ ──────── ── ──────── Start Case Track™

Civil Docket; Case 2016CVF000807 D2; Accounts, Contracts, Notes
SANDOVAL, ALDEMIRA vs OSPINA, JAY et al
Filed 03/30/2016 - Disposition:
111th District Court, District Clerk, Webb County, Texas

Court Settings:
06/29/2016   11:00 AM

Help

| Date | Description/Comments | Reference | Typ | Amount |
|---|---|---|---|---|
| 03/30/2016 | JURY DEMAND PAID BY ATTORNEY RENE SIGM AN. (LT) | | TXT | |
| 03/30/2016 | Case Status entered as ACTV. | | " | |
| 03/30/2016 | Case Status ACTV: Active | | " | |
| 03/30/2016 | For STATE FARM LLOYDS | | " | |
| 03/30/2016 | *IMG* CONTRACT | | " | |
| 04/04/2016 | Court date/time: 6/29/2016 11:00 H earing Type: 17 Clndr Call | | " | |
| 04/04/2016 | Assignment of court date/time. | | " | |
| 04/04/2016 | Status entered as Open | | " | |
| 04/04/2016 | *IMG*CALENDAR CALL FAXED TO ATTORNEY R ENE SIGMAN AND ATTACHED COPY | | " | |
| 04/04/2016 | TO CITATIONS. (LT) | | " | |
| 04/04/2016 | *IMG*(4) CITATIONS ISSUED TO STATE FAR M LLOYDS AND JAY OSPINA | | " | |
| 04/04/2016 | AND HELD BY CLERK, PENDING COPIES OF P ETITION. (LT) | | " | |
| 04/04/2016 | | | " | |
| 04/04/2016 | ***CITATIONS RETURNED TO ATTORNEY IN F ED-EX ENVELOPE ON 04/06/2016. | | " | |
| 04/04/2016 | (LT) | | " | |
| 04/27/2016 | *IMG* CITATION RETURN SHOWING SERVICE AS TO STATE FARM LLOYDS BY | | " | |
| 04/27/2016 | SERVING ITS ATTORNEY FOR SERVICE CORPO RATION SERVICE COMPANY. DOS | | " | |
| 04/27/2016 | 4/21/16. MG | | " | |
| | *IMG* LETTER FROM ATTORNEY DAN K. WORT HINGTON | | | |

| 05/03/2016 | DATED 5/3/16 | | | " | |
| 05/03/2016 | IN RE: COPIES | | | " | |

© 1999 Solutions, Inc. All rights reserved.                    User ID: atlas&hall
Unauthorized access is prohibited. Usage will be monitored.    Viewed as of: May 9, 2016, time: 17:05:46
Agreements